IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Virgil Treece, | ) | |
| | ) | Civil Action No. 3:05-2638-DCN-JRM |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| Colie L. Rushton and Henry D. McMaster, | ) | **REPORT AND RECOMMENDATION** |
| Attorney General for South Carolina, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Petitioner, Virgil Treece ("Treece"), is an inmate at the South Carolina Department of Corrections ("SCDC"). He is serving a sentence of twenty years, suspended to service of fifteen years for second degree criminal sexual conduct and a consecutive ten year sentence for sexual exploitation of a minor. Treece filed his present petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 9, 2005 (the Houston v. Lack, 487 U.S. 266 (1988) "delivery date"). The case was automatically referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 (B)(2)(c), DSC. Treece filed a motion for summary judgment on December 1, 2005. Respondents filed a return and motion for summary judgment on February 6, 2006. An order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued on February 15, 2006. Treece filed no further response.

**Facts**

On November 10, 1993, Treece's fourteen year old step-daughter, Charlene Rawson, told a schoolmate that she was being sexually abused by her step-father. Charlene's friend reported this to her mother, who in turn notified the Spartanburg County Department of Social Services. On that night a DSS protective services worker and an officer with the Greer Police Department went to the

Treece residence to investigate. After an initial conversation, the police officers obtained a search warrant for the residence. The search resulted in the seizure of several items, including a videotape[1] of Charlene engaging in sexually explicit conduct at the direction of a male who was present but could not be seen on the videotape. Investigation revealed that Treece was the individual involved. Treece was charged on November 11, 1993.

Michael Bartosh of the Public Defender's office was appointed to represent Treece. On November 16, 1993, an order was entered requiring Treece's psychological examination. A competency hearing was held on February 7, 1994, after which the court found that Treece was mentally ill at the time of the alleged offenses, but did have "the capacity to distinguish moral or legal right from moral or legal wrong." (App. 47). Treece then entered a plea of guilty but mentally ill to the indictments. The record is silent as to whether the sentences were to be concurrent or consecutive. Initially, SCDC treated the sentences as concurrent.

## Procedural History

Treece did not file a direct appeal. On December 16, 1994, Treece filed an application for post-conviction relief asserting eighteen separate grounds for relief. An evidentiary hearing was held on June 19, 1995 (App. 285-395). The PCR court issued a detailed order on August 17, 1995 dismissing the PCR. (App. 396-407). A petition for writ of certiorari was filed through the South Carolina Office of Appellate Defense raising a single issue:

> The lower court erred in finding that petitioner's plea of guilty but mentally
> ill was knowingly and voluntarily entered when it was petitioner's
> understanding that as a part of the plea agreement the state would not ask to

---

[1]The videotape was found under a bush in a neighbor's yard, approximately forty yards from the Treece home.

> (sic) to view a potentially prejudicial videotape which they did request just prior to sentencing. (Petition for Writ of Certiorari, p. 5).

The petition for writ of certiorari was denied by memorandum order dated May 10, 1996. A remittitur was issued on May 29, 1996. Treece then filed his first petition in this court. ("Treece I").

After a Report and Recommendation, the Honorable Dennis W. Shedd, then United States District Judge, granted respondents' motion for summary judgment and dismissed the action. The decision was affirmed by the Fourth Circuit Court of Appeals.

Treece filed a second PCR in 2000. The record shows that at some point after the first PCR was filed SCDC changed Treece's sentence for sexual exploitation of a minor from a concurrent sentence to a consecutive sentence to comply with state law[2] effectively increasing his total sentence from fifteen to twenty-five years. The propriety of this change was the primary issue raised in the second PCR. Treece also filed a petition for writ of habeas corpus in the South Carolina Supreme Court. An evidentiary hearing was held July 29, 2002, at which the PCR and pending habeas action were merged. The PCR court issued an order dismissing the PCR and state habeas action on November 1, 2002.

Treece filed a petition for a writ of certiorari in the South Carolina Supreme Court raising the following questions:

> I.    The PCR court erred in ruling that petitioner's sentences are to be served consecutive where the presumption is that sentences are

---

[2]Pursuant to S.C. Code Ann. § 16-15-395, a person sentenced for first degree sexual exploitation of a minor must serve that sentence consecutive to any other sentence imposed.

> concurrent when the judge does not specify and where the
> Department of Corrections unilaterally and without authority changed
> the sentences consecutive sentences.
>
> II.     The PCR court erred in summarily dismissing petitioner's claim that
>         his plea was involuntary where he alleged that he did not discover
>         that the Department of Corrections his interpreted his sentence as
>         consecutive, where petitioner alleged that he entered his plea with the
>         understanding that his total sentence would be fifteen years, not
>         twenty-five, as determined in December 1, 1999, by DOC, and where
>         petitioner filed his application within one year of this finding.

By order of September 9, 2004, the Supreme Court granted certiorari as to the first question and

denied certiorari as to the second.  The Supreme Court held in a published opinion:

> The PCR court found that DOC properly calculated petitioner's sentence for
> sexual exploitation as consecutive under § 16-15-395. [FN1] This section
> provides for a sentence of three to twenty years for sexual exploitation of a
> minor with the additional provision that: "[s]entences imposed pursuant to
> this section must run consecutively with and commence at the expiration of
> another sentence being served by the person sentenced."
>
> It is well-settled that sentences are deemed to run concurrently "unless the
> intention that one should begin at the end of the other is expressed." Finley
> v. State, 219 S.C. 278, 282, 64 S.E.2d 881, 882 (1954). This rule of
> construction has never been applied, however, where the legislature has
> mandated a consecutive sentence for a particular offense. In fact, we have
> recognized that "[j]udicial discretion in ... determining that sentences run
> concurrent or consecutive is subject to statutory restriction." State v. De La
> Cruz, 302 S.C. 13, 15, 393 S.E.2d 184, 186 (1990). Under § 16-15-395, the
> plea judge had no authority to order anything but a consecutive sentence for
> the sexual exploitation charge. (footnote omitted)

Treece v. State, 365 S.C. 134, 616 S.E.2d 424 (S.C. 2005).

    While the joint PCR/habeas action was pending in state court, Treece filed a petition for writ

of habeas corpus in this court pursuant to 28 U.S.C. § 2241.  See Treece v. Maynard, 03-0097-10BC

("Treece II").  That petition essentially raised the issue of the constitutionality of the consecutive

sentence for sexual exploitation of a minor.  The Honorable Matthew J. Perry, Jr., Senior United

States District Judge, dismissed the petition to allow exhaustion as the issue was then before the

South Carolina Supreme Court.  After the Supreme Court's decision quoted above, Treece filed his

present petition. ("<u>Treece III</u>").

## Grounds for Relief

In <u>Treece III</u> (the present petition), Treece asserts that he is entitled to a writ of habeas corpus

on the following grounds:

> **Ground One**: Petitioner was denied the right to direct appeal by way of
> ineffective assistance of counsel, and the PCR Court erred in summarily
> dismissing Petitioner's claim of ineffective assistance of counsel as a ground
> previously ruled upon in [t]he petitioner's original PCR application;
>
> **Ground Two**: The lower court erred in denying Petitioner's claim of his
> guilty plea being involuntary and unintelligently entered as successive
> ground previously heard and denied in Petitioner's first PCR application and
> proceedings;
>
> **Ground Three**: The Department of Corrections interpretation statute violates
> the separation of powers in the United States Constitution and the South
> Carolina Constitution and Code of Laws;
>
> **Ground Four**: The Consecutive application of Petitioner's sentence for
> probation, due to an ambigious [sic] application of sentencing by the Trial
> Court, increases the Petitioner's sentence from the original adjudication.
>
> **Ground Five**: The ambiguity in the application of Petitioner's sentence; has
> lead to an unlawful interpretation of Petitioner's sentence; in violation of
> Petitioner's due process rights, where the Trial Court sentneces [sic] the
> Petitioner for the same offense twice upon record, and Petitioner wasn't
> indicted for the offense in which he was sentenced.

## Discussion

Respondents make several procedural arguments with respect to Treece's petition.  He has

not responded to these arguments.

A.     Jurisdiction

Respondents argue that this court does not have jurisdiction because Treece failed to gain authorization from the Fourth Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b).

Prior to the enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA") which became effective on April 24, 1996, review of successive habeas petitions was governed by the abuse of the writ doctrine. McCleskey v. Zant, 499 U.S. 467, 470 (1991). The AEDPA established a raised "threshold that a prisoner must cross to obtain review of claims presented in a successive application for collateral review." In Re: Williams, 364 F.3d 235, 238 (4th Cir. 2004) citing United States v. Winestock, 340 F.3d 200, 204 (4th Cir.), cert. denied, 540 U.S. 995 (2003). Pursuant to the AEDPA, a prisoner may not file a second or successive § 2254 petition or § 2255 motion to vacate his sentence prior to seeking and receiving authorization to do so from the appropriate court of appeals. In Re: Vial, 115 F.3d 1192 (4th Cir. 1997). See also, 28 U.S.C. §§ 2244(b) and 2255. The standard for the circuit courts of appeal for authorization of a second or successive petition are set forth in 28 U.S.C. § 2244(b)(2). The AEDPA essentially established a new standard and shifted the screening process from the district court to the circuit court. In Re: Williams, 364 F.3d at 238. Absent such authorization from the circuit court, the district court does not have jurisdiction and should dismiss the second or successive petitions without prejudice. United States v. Winestock, 340 F.3d at 205.

There is nothing in the record to indicate that Treece sought or obtained authorization from the Fourth Circuit Court of Appeals before filing his present petition. Since Treece I was decided

6

on the merits, Treece III is clearly a successive petition.  The undersigned concludes that this court

does not have jurisdiction, and the petition should be dismissed without prejudice.[3]

       B.      Procedural Bar

       Respondents assert that several of Treece's grounds for relief have not been

exhausted by their presentation to the South Carolina Supreme Court, and they are, therefore,

procedurally barred.  Treece has not responded to these arguments.

       Exhaustion and procedural bypass are separate theories which operate in a similar manner

to require a habeas petitioner to first submit his claims for relief to the state courts.  The two theories

rely on the same rationale.  The general rule is that a petitioner must present his claim to the highest

state court with authority to decide the issue before the federal court will consider the claim.

       1.      Exhaustion

       The theory of exhaustion is based on the statute giving the federal court

jurisdiction of habeas petitions.  Applications for writs of habeas corpus are governed by 28 U.S.C.

§ 2254, which allows relief when a person "is in custody in violation of the Constitution or laws or

treaties of the United States."  The statute states in part:

> (b)(1)  An application for a writ of habeas corpus on behalf of a person in
> custody pursuant to the judgment of a State court, shall not be
> granted unless it appears that

---

[3]It is doubtful that the Fourth Circuit would have granted Treece authorization to file Treece III.  In United States v. Winestock, 340 F.3d at 205-206, n.4,  the Fourth Circuit recognized that there is some authority that "a § 2254 petition challenging decisions relating to the execution of the judgment does not amount to a successive application if the prisoner filed his previous § 2254 petition before those decisions were made and challenged only the underlying criminal judgment, but held that "if the petition **also** contained claims relating to the underlying criminal judgment, the district court would lack jurisdiction to rule on any portion of the petition." (Emphasis in original).  In Treece III, both types of claims are presented.

> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)(i) there is either an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this court. See O'Sullivan v. Boerckel, 526 U.S. 838 ( 1999).

The United States Supreme Court has consistently enforced the exhaustion requirement.

> The exhaustion doctrine existed long before its codification by Congress in 1948. In Ex parte Royall, 117 U.S. 241, 251 (1886), this Court wrote that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act....

Rose v. Lundy, 455 U.S. 509, 515 (1982).

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. See SCACR 207(b)(1)(B) and Blakeley v. Rabon, 266 S.C.

68, 221 S.E.2d 767 (1976).  The second avenue is by filing an application for post-conviction relief

("PCR").  See S.C. Code Ann. § 17-27-10 et seq.  A PCR applicant is also required to state all of

his grounds for relief in his application.  See, S. C. Code Ann. § 17-27-90.  Strict time deadlines

govern direct appeal and the filing of a PCR in the South Carolina Courts.  A PCR must be filed

within one year of judgment, or if there is an appeal, within one year of the appellate court decision.

S.C. Code Ann. § 17-27-45.

When the petition for habeas relief is filed in the federal court, a petitioner may present only

those issues which were presented to the South Carolina Supreme Court through direct appeal or

through an appeal from the denial of the PCR application, whether or not the Supreme Court actually

reached the merits of the claim.[4]  If any avenue of state relief is still available, the petitioner must

proceed through the state courts before requesting a writ of habeas corpus in the federal courts,

Patterson v. Leeke, 556 F.2d 1168 (4th Cir. 1977) and Richardson v. Turner, 716 F.2d 1059 (4th Cir.

1983). If petitioner has failed to raise the issue before the state courts, but still has any means to do

so, he will be required to return to the state courts to exhaust the claims.  See Rose v. Lundy, supra.

2.    Procedural bypass[5]

Procedural bypass is the doctrine applied when the person seeking relief failed

to raise the claim at the appropriate time in state court and has no further means of bringing that

issue before the state courts.  If this occurs, the person is procedurally barred from raising the issue

in his federal habeas petition.  The United States Supreme Court has clearly stated that the

---

[4]In cases where the South Carolina Supreme Court applied a procedural bar, however, this court is directed to also apply that bar, except in certain limited circumstances.  See discussion below on procedural bypass.

[5]This concept is sometimes referred to as procedural bar or procedural default.  If a petitioner procedurally bypasses his state remedies, he is procedurally barred from raising them in this court.

procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by

the federal courts, Smith v. Murray, 477 U.S. 527, 533 (1986).  Bypass can occur at any level of the

state proceedings, if a state has procedural rules which bar its courts from considering claims not

raised in a timely fashion.  The two routes of appeal in South Carolina are described above, and the

South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could

have been raised at an earlier time.  Further, if a prisoner has failed to file a direct appeal or a PCR

and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in

the state courts, the federal court honors that bar.  State procedural rules promote

> not only the accuracy and efficiency of judicial decisions, but also the finality
> of those decisions, by forcing the defendant to litigate all of his claims
> together, as quickly after trial as the docket will allow, and while the
> attention of the appellate court is focused on his case.

Reed v. Ross, 468 U.S. 1, 10-11 (1984).

Although the federal courts have the power to consider claims despite a state procedural bar,

> the exercise of that power ordinarily is inappropriate unless the defendant
> succeeds in showing both 'cause' for noncompliance with the state rule and
> 'actual prejudice resulting from the alleged constitutional violation.'

Smith v. Murray, supra, quoting Wainwright v. Sykes, 433 U.S. at 84 (1977); see also Engle v.

Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas petitioner can show (1) cause for his failure to raise the

claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be

ignored and the federal court may consider the claim.  Where a petitioner has failed to comply with

state procedural requirements and cannot make the required showing(s) of cause and prejudice,  the

federal courts generally decline to hear the claim.  See Murray v. Carrier, 477 U.S. 478, 496 (1986).

10

3.    Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a petitioner in this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts, and this court is barred from considering the claim (absent a showing of "cause" and "actual prejudice"). In such an instance, the exhaustion requirement is "technically met" and the rules of procedural bar apply. Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997); cert. denied, 522 U.S. 833 (1997) citing Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-98 (1989); and George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996).

4.    Excusing Default

The requirement of exhaustion is not jurisdictional, and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. Granberry v. Greer, 481 U.S. 129, 131 (1989). First, a petitioner may obtain review of a procedurally barred claim by establishing cause for the default and actual prejudice from the failure to review the claim. Coleman v. Thompson, 501 U.S. at 750 and Gary v. Netherland, 518 U.S. 152, 162 (1996). Second, a petitioner may rely on the doctrine of actual innocense.

A petitioner must show both cause and actual prejudice to obtain relief from a defaulted claim. In this context, "cause" is defined as "some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule." Strickler v. Greene, 527 U.S. 263, 283 n. 24 (1999) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986). A petitioner may establish cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, demonstrate the novelty

11

of his claim, or show interference by state officials.  Murray v. Carrier; Clozza v. Murray, 913 F.3d

1092 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991); and Clanton v. Muncy, 845 F.2d 1238 (4th

Cir.), cert. denied, 485 U.S. 1000 (1988).  A petitioner must show reasonable diligence in pursuing

his claim to establish cause.  Hoke v. Netherland, 92 F.3d 1350, 1354 n. 1 (4th Cir. 1996).  Further,

the claim of cause must itself be exhausted.  Edwards v. Carpenter, 529 U.S. 446 (2000) (failure of

counsel to present issue on direct appeal must be exhausted in collateral proceeding as ineffective

assistance to establish cause for default).

Generally, a petitioner must show some error to establish prejudice.  Tucker v. Catoe, 221

F.3d 600, 615 (4th Cir.), cert. denied, 531 U.S. 1054 (2000).  Additionally, a petitioner must show

an actual and substantial disadvantage as a result of the error, not merely a possibility of harm to

show prejudice.  Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997).

"Actual innocense" is not an independent claim, but only a method of excusing default.

O'Dell v. Netherland, 95 F.3d 1214, 1246 (4th Cir. 1996), aff'd, 521 U.S. 151 (1997).  To prevail

under this theory, a petitioner must produce new evidence not available at trial to establish his

factual innocense.  Royal v. Taylor, 188 F.3d 239 (4th Cir. 1999).  A petitioner may establish actual

innocense as to his guilt, Id., or his sentence.  Matthews v. Evatt, 105 F.3d 907, 916 (4th Cir. 1997).

5.    Procedure

Procedural default is an affirmative defense which is waived if not raised by

respondents.  Gray v. Netherland, 518 U.S. at 165-66.  It is petitioner's burden to raise cause and

prejudice or actual innocense.  If not raised by petitioner, the court need not consider the defaulted

claim.  Kornahrens v. Evatt, 66 F.3d 1350 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996).

Review of the record shows that Treece's claims that his plea of guilty but mentally ill was involuntary (Ground 1),[6] that the SCDC decision concerning execution of his sentence violates the separation of powers doctrines of the United States Constitution and the South Carolina Constitution and its code of laws (Ground 3), that his probationary sentence somehow increased his "sentence from the original adjudication" (Ground 4), and that he was sentenced twice for the same offense and was not sentenced twice for the same offense and was not indicted for an offense for which he was sentenced (last portion of Ground 5) were never properly presented for review.  Treece has not attempted to show cause and prejudice for his failure.  The undersigned concludes that these claims are procedurally barred.

C.    Cognizability

To be cognizable under § 2254, a claim must allege a violation of the United States Constitution, laws or treaties.  Rose v. Hodges, 423 U.S. 19 (1975).  Violations of state law or procedure are not cognizable under § 2254.  Estelle v. McGuire, 502 U.S. 62 (1991).  In his second PCR, the court ruled that Treece's claim that his plea was involuntary was successive under South Carolina law because Treece had included a similar claim, albeit on a different theory, in his first PCR.  The petition for writ of certiorari asserted that this ruling was in error.  The South Carolina Supreme Court denied certiorari on this issue.

In Ground Two of the present petition, Treece asserts again that the PCR court decision was in error.  However, the PCR court's decision was based only on an application of South Carolina

---

[6]Treece exhausted a similar claim through his first PCR process which was addressed in Treece I.  However, his claim in Treece III is based on a different theory, i.e., he was not advised that the sentence for sexual exploitation of a minor would be consecutive.

13

law, i.e., S.C. Code Ann. § 17-27-90 relating to successive PCR applications.  Since this ground

presents only a question of the application of South Carolina law, it is not cognizable in this court.

Treece's main ground for relief in this action concerns the execution of his sentence which

is contained in Grounds Four and Five of his present petition.  Respondents also argue that this claim

is not cognizable as it raises only an issue of state law. (Res. Mem., p. 13).  They cite Richmond v.

Lewis, 506 U.S. 40, 50 (1992) for the proposition that the alleged improper imposition of a state

sentence according to state law is not cognizable in a federal habeas proceeding.  Richmond

involved imposition of capital punishment based on aggravating circumstances.  The Court

recognized the issue was "not whether the state sentencer committed state law error" but whether

an Eighth Amendment violation occurred.  Id.  A charitable reading of Grounds Four and Five of

the present petition is that SCDC's change of Treece's sentence violated his right to due process.

Treece states in Ground Five that the alteration of his sentence was "in violation of Petitioner's due

process rights."  Thus, the undersigned concludes that Treece has stated a cognizable claim insofar

as he alleges a violation of his constitutional rights.

D.     Statute of Limitations

Respondents argue that the present petition is barred by the statute of limitations of

one year established by the amendment of 28 U.S.C. § 2244(d) by the Antiterrorism and Effective

Death Penalty Act of 1966.  That Act, effective April 24, 1996, amended § 2244(d) to state:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of
> habeas corpus by a person in custody pursuant to the judgment of a State
> court.  The limitation period shall run from the latest of--
>
>    (A)  the date on which the judgment became final by the conclusion
> of direct review or the expiration of the time for seeking such review;

14

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Respondents correctly argue that more than one year of unlapsed time passed between the final date of Treece's conviction and the filing of this action. However, the undersigned concludes that Respondents' argument that 28 U.S.C. § 2244(d)(1)(D) does not apply is without merit. (Res. Mem. 11-12).

The court which considered Treece's second PCR found as a matter of fact that "in November, 1999 The Department of Corrections changed Treece's sentence from concurrent to consecutive and changed his 'max-out' date accordingly." (App. 154). The record supports this finding. In December of 1998, Treece requested his parole date and max-out date. The max-out date was September 11, 2001. According to Treece, the change extended his max-out date to August 18, 2006. (App. 61). Respondents appear to concede that if November 1999 is the date that the factual predicate for Treece's claim became known, the petition is timely. They argue that the petition is time barred because Treece "knew at the time of the plea that state statute required the service of sentences to run consecutively." (Res. Mem. 12). The argument is based on the statement of Treece's trial attorney at the plea and sentencing hearing that "(t)he statute required that the sexual exploitation charge, whatever sentence that be, is consecutive..." (App. 43). Of course, the

15

flaw in respondents' argument is that Treece had no grounds to challenge the execution of the sentence until it was changed by SCDC in November of 1999.

## **Conclusion**

Based on a review of the record, the undersigned recommends that the petition be dismissed without prejudice as this court lacks jurisdiction because petitioner failed to obtain pre-filing authorization as required by 28 U.S.C. § 2244(b). It is further recommended that petitioner's motion for summary judgment be denied.

Respectfully submitted,

s/Joseph R. McCrorey
United States Magistrate Judge

July 19, 2006
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

### Notice of Right to File Objections to Magistrate Judge's Report and Recommendation
### &
### The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201