IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Virgil Treece, #209550, | ) | C/A No. 3:05-2638-DCN-JRM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | **ORDER** |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____) | | |

**I.     INTRODUCTION**

This petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254 (2006), is before the court on the magistrate judge's recommendation that the petition for habeas relief be dismissed without prejudice. This record includes a Report and Recommendation ("Report") of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1)(B) (2006).

**II.     SCOPE OF REVIEW**

This court is charged with conducting a <u>de novo</u> review of any portion of the magistrate judge's report to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. See 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the magistrate judge. See <u>Thomas v. Arn</u>, 474 U.S. 140 (1985). This court is not required to review under a <u>de novo</u> standard, or any other standard, the factual findings and legal conclusions of the magistrate judge to which the parties have not objected. See <u>id.</u> at 149-50; <u>see also</u> <u>McCarthy v. Manson</u>, 714 F.2d 234, 237 (2d Cir.

1983) (stating that "[w]hen a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision"). General objections will not suffice to obtain judicial review of a magistrate judge's findings. See Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 508-09 (6th Cir. 1991).

### III.    PRO SE PETITIONS

Petitioner is proceeding pro se in this case. Pro se complaints and petitioners should be construed liberally by this court and are held to a less stringent standard than those drafted by attorneys. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), cert. denied, 439 U.S. 970 (1978). A federal district court is charged with liberally construing a complaint or petition filed by a pro se litigants to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980). Liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Services, 901 F.2d 387, 390-91 (4th Cir. 1990).

### IV.    FACTS

Virgil Treece ("Treece" or "petitioner") is an inmate at the South Carolina Department of Corrections ("SCDC" or "DOC"). On November 10, 1993, petitioner's fourteen year old step-daughter, Charlene Rawson, told a schoolmate she was being sexually abused by her step-father. This information was reported to Spartanburg County Department of Social Services, and the authorities began an investigation. After obtaining a search warrant to search petitioner's residence, police seized a videotape of Rawson engaging in sexually explicit conduct at the direction of petitioner. Petitioner

was charged with sexual exploitation of a minor on November 11, 1993.

Michael Bartosh of the Public Defender's office was appointed to represent petitioner. After a competency hearing, the court found that petitioner was mentally ill at the time of the alleged offenses, but "did have the capacity to distinguish moral or legal right from moral or legal wrong." (App. 47). Petitioner then entered a plea of guilty but mentally ill.

At petitioner's plea hearing, counsel informed the judge that the sexual exploitation statute[1] mandates a consecutive sentence to other charges. Petitioner was sentenced to twenty years on one count of criminal sexual conduct, suspended upon service of fifteen years with five years probation; fifteen years on the second count of criminal sexual conduct; and fifteen years on the sexual exploitation charge. However, the plea judge did not specify whether the sentences were to run concurrently or consecutively, and SCDC initially treated the sentences as concurrent. Petitioner was given a max-out date of September 11, 2001.

Petitioner did not file a direct appeal, and his first application for post-conviction relief was dismissed by the PCR court on August 17, 1995. The petition for writ of certiorari was filed through the South Carolina Office of Appellate Defense;[2] it was

---

[1] Pursuant to S.C. Code Ann. § 16-15-395, a person sentenced for first degree sexual exploitation of a minor must serve that sentence consecutive to any other sentence imposed.

[2] The petition for writ of certiorari raised a single issue: The lower court erred in finding that petitioner's plea of guilty but mentally ill was knowingly and voluntarily entered when it was petitioner's understanding that as a part of the plea agreement the state would not ask to view a potentially prejudicial videotape, which they then requested prior to sentencing. (Petition for Writ of Certiorari, p. 5).

denied by memorandum order dated May 10, 1996. On May 29, 1996, a remittitur was issued and petitioner filed his first petition in this court. Respondents' motion for summary judgment was granted and the action was dismissed. The decision was affirmed by the Fourth Circuit Court of Appeals.

In 2000, petitioner filed a second PCR and a petition for writ of habeas corpus in the South Carolina Supreme Court. After the first PCR was filed, SCDC changed petitioner's sentence for sexual exploitation of a minor from a concurrent sentence to a consecutive sentence to comply with § 16-15-395. This effectively increased petitioner's total sentence from fifteen to twenty-five years. Petitioner was informed of the change in December 1999, and five years were added to his max-out date. Petitioner's new max-out date is August 16, 2006. On July 29, 2002, an evidentiary hearing was held and the PCR and pending habeas action were merged. The PCR court issued an order dismissing the PCR and state habeas action on November 1, 2002.

Petitioner filed a petition for writ of certiorari in the South Carolina Supreme Court raising the following questions:

> I. The PCR court erred in ruling that petitioner's sentences are to be served consecutive where the presumption is that sentences are concurrent when the judge does not specify and where SCDC unilaterally and without authority changed the sentences to consecutive sentences.
>
> II. The PCR court erred in summarily dismissing petitioner's claim that his plea was involuntary where he alleged he did not discover that SCDC interpreted his sentence as consecutive, where petitioner alleged that he entered his plea with the understanding that his total sentence would be fifteen years, not twenty-five, as determined by SCDC on December 1, and where petitioner filed his application within one year of this finding.

By order of September 9, 2004, the South Carolina Supreme Court granted certiorari as to the first question and denied certiorari as to the second. The Supreme Court held in a published opinion:

> The PCR court found that DOC properly calculated petitioner's sentence for sexual exploitation as consecutive under § 16-15-395. This section provides for a sentence of three to twenty years for sexual exploitation of a minor with the additional provision that: "[s]entences imposed pursuant to this section must run consecutively with and commence at the expiration of another sentence being served by the person sentenced."
>
> It is well settled that sentences are deemed to run concurrently "unless the intention that one should begin at the end of the other is expressed." Finley v. State, 219 S.C. 278, 282, 64 S.E.2d 881, 882 (1954). This rule of construction has never been applied, however, where the legislature has mandated a consecutive sentence for a particular offense. In fact, we have recognized that "[j]udicial discretion in . . . determining that sentences run concurrent or consecutive is subject to statutory restriction. State v. De La Cruz, 302 S.C. 13, 15, 393 S.E.2d 184, 186 (1990). Under § 16-15-395, the plea judge has no authority to order anything but a consecutive sentence for the exploitation charge.

Treece v. State, 616 S.E.2d 424 (S.C. 2005) (footnote omitted).

While the joint PCR/habeas action was pending in state court, petitioner filed a petition for writ of habeas corpus in this court pursuant to 28 U.S.C. § 2241, raising the issue of the constitutionality of the consecutive sentence for sexual exploitation of a minor. The district court dismissed the unexhausted petition to allow the South Carolina Supreme Court to rule upon the issue. After the Supreme Court's decision, petitioner filed the present petition.

The present petition seeks relief on five grounds:(1) ineffective assistance of counsel; (2) his plea of guilty but mentally ill was involuntary; (3) the SCDC decision concerning the execution of his sentence violates the separation of powers doctrines of the United States Constitution and the South Carolina Constitution and its code of laws; (4) the consecutive application of petitioner's sentence for probation increased petitioner's sentence from his original adjudication; and (5) petitioner's sentence was unlawfully interpreted, in violation of his due process rights. Although Magistrate Judge McCrorey found that petitioner had stated a cognizable claim that was not barred by the statute of limitations, he recommended that the petition be dismissed without prejudice for petitioner's failure to obtain pre-filing authorization as required by 28 U.S.C. § 2244(b). Respondent objected to the magistrate judge's determination that a change in petitioner's sentence occurred, bringing petitioner's claim within the statute of limitations.

## V.     RESPONDENTS' OBJECTION

Respondent argues that petitioner's petition for writ of habeas corpus is barred by the one-year statute of limitations established by 28 U.S.C. § 2244(d) (2006).[3] According

---

[3] The relevant portion of § 2244(d) states:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of . . .
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through exercise of due diligence.

to respondent, the statute of limitations began to run when petitioner entered his plea in 1993. Petitioner argues that the statute of limitations did not start until 1999 when he was informed by SCDC that his max-out date had been changed. Petitioner asserts that the one-year period began running under § 2244(d)(1)(D) in November 1999, the date on which the factual predicate of his claim was discovered. The factual predicate of petitioner's claim is that his sentence is to run consecutively under § 16-15-395, but his sentence was treated as concurrent until 1999.

The main issues raised are: (1) whether the date on which petitioner discovered the new factual predicate of his claim brings the claim within the statute of limitations, and (2) whether petitioner exercised due diligence in discovering this information. Respondent specifically argues that no change to petitioner's sentence occurred; therefore, no new factual predicate is evident. While petitioner's sentence should have initially been treated as a consecutive sentence, he was initially given a max-out date that was indicative of a concurrent sentence. The court that considered petitioner's second PCR found as a matter of fact that "in November, 1999, SCDC changed Treece's sentence from concurrent to consecutive and changed his 'max-out' date accordingly." (App. 154). This changed petitioner's max-out date from September 11, 2001 to August 18, 2006. (App. 61). Both parties agree that if November 1999 was the date the factual predicate for petitioner's claim became known, the petition is timely.

Respondent argues that petitioner knew at the time of his plea that S.C. Code Ann. § 16-15-395 required the service of sentences to run consecutively. "By its language, the one-year period of limitation commences under section 2244(d)(1)(D)

when the factual predicate of a claim could have been discovered through the exercise of due diligence, not when it was actually discovered." Schlueter v. Varner, 384 F.3d 69, 74 (3d Cir. 2004)  However, petitioner was first given a max-out date of September 11, 2001 by SCDC.  Given this fact, petitioner had no reason to challenge the execution of his sentence until it was changed by SCDC in November of 1999.

Respondent argues that the factual predicate was not only knowable with due diligence, but that petitioner actually knew his sentence was consecutive at the time of the plea.  "Due diligence does not require 'the maximum feasible diligence,' but it does require reasonable diligence in the circumstances." Id.; see also Moore v. Knight, 368 F.3d 936, 940 (2d Cir. 2004).   Section 2244(d)(1)(D) provides a petitioner with a later accrual date than section 2244(d)(1)(A) only "if vital facts could have been known." Id. (quoting Owens v. Boyd, 235 F.3d 359 (7th Cir. 2000)).  Although trial counsel advised petitioner that the sentence for first degree exploitation of a minor is a required consecutive sentence, the trial judge failed to order that the sentence run consecutively. (App. 154).  This alone may not have been enough to toll the statute of limitations. However, because petitioner was given the specific date of September 11, 2001, he had no reason to suspect that his sentence was consecutive instead of concurrent even if he exercised due diligence.  This court agrees with the magistrate judge's finding that petitioner's sentence changed in November 1999 and that petitioner may qualify for the new factual predicate statutory exception under 2244(d)(1)(D).

Although petitioner has stated a cognizable claim that is within the statute of limitations, his petition is not properly before the court at this time and must be

8

dismissed. If petitioner wishes to proceed with his claims, he must seek permission from the Fourth Circuit. See 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.")

## VI.     CONCLUSION

For the reasons stated above and those stated by the magistrate judge, it is therefore **ORDERED** that this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be **DISMISSED** without prejudice.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**September 25, 2006**
**Charleston, South Carolina**